**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) COMPLAINT<br>)<br>) |
| SONOMA BAY COMMUNITY HOMEOWNERS ASSOCIATION, INC., EMANUEL MANAGEMENT SERVICES, LLC, JONATHAN MERRIGAN, MARSH HARBOUR MAINTENANCE ASSOCIATION, INC, MARSH HARBOUR 1 CONDOMINIUM ASSOCIATION, INC., MARSH HARBOUR 2 CONDOMINIUM ASSOCIATION, INC., MARSH HARBOUR 3 CONDOMINIUM ASSOCIATION, INC., MARSH HARBOUR 4 CONDOMINIUM ASSOCIATION, INC., MARSH HARBOUR 41 CONDOMINIUM ASSOCIATION, INC, MARSH HARBOUR 49 CONDOMINIUM ASSOCIATION, INC, MARSH HARBOUR 50 CONDOMINIUM ASSOCIATION, INC., MARSH HARBOUR 51 CONDOMINIUM ASSOCIATION, INC., MARSH HARBOUR 52 CONDOMINIUM ASSOCIATION, INC., PRESTIGE QUALITY MANAGEMENT, LLC, PRESTIGE PROPERTIES GROUP, LLC, BOBBY C. MILLS, | )<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## **COMPLAINT**

1.     Plaintiff, the Fair Housing Center of the Greater Palm Beaches, Inc., ("FHCGPB" or "Fair Housing Center"), brings this action against Defendants Sonoma Bay Community Homeowners Association, Inc., Emanuel Management Services, LLC, Jonathan Merrigan, Marsh

Harbour Maintenance Association, Inc., Marsh Harbour 1 Condominium Association, Inc., Marsh Harbour 2 Condominium Association, Inc., Marsh Harbour 3 Condominium Association, Inc., Marsh Harbour 4 Condominium Association, Inc., Marsh Harbour 41 Condominium Association, Inc., Marsh Harbour 49 Condominium Association, Inc., Marsh Harbour 50 Condominium Association, Inc., Marsh Harbour 51 Condominium Association, Inc., Marsh Harbour 52 Condominium Association, Inc., Prestige Quality Management, LLC, Prestige Properties Group, LLC, and Bobby C. Mills, (collectively "Defendants") for discrimination on the basis of familial status in the rental of housing in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 *et seq*. ("FHA"), and the Florida Fair Housing Act, Fla. Stat. § 760.20, *et seq.*

2. Plaintiffs allege that Defendants maintained and/or currently maintain policies and/or practices that discriminate against families with children through, *inter alia*, the use of rental applications that require prospective tenants to submit report cards for persons under the age of 18 years old and rules that impose a curfew on persons under the age of 18, requiring them to be inside or on their patios after sundown.

3. These terms and conditions were not imposed on adults, are burdensome and unjustified, and make housing unavailable on the basis of familial status. They also express a preference for families without children, which is unlawful.

4. The report card requirement for persons under the age of 18 has the effect of impeding and impairing housing opportunities for families with children. For example, the state of Florida allows children over the age of 16 to withdraw from school.[1] A child who withdraws from school will not have a report card. As stated, Defendants' policies would require rejection of a rental application as incomplete if submitted by a family with a child under the age of 18

---

[1] FLA. STAT. §1003.01 (8) (withdrawal with parental consent).

who does not provide a report card. Thus, the requirement would make housing unavailable to families with children who do not have report cards. The report card requirement also has the effect of deterring rental applications from families with children as student report cards are typically considered confidential private information, with no obvious relevance to renting an apartment. Prospective tenants who wanted to keep their children's report cards confidential would not have been able to submit a complete application for consideration.

5. With respect to Defendants' curfew requirement, many valuable after-school activities such as athletics, performing arts, employment,[2] etc… occur after sundown. The sundown curfew would prohibit and/or restrict many such after-school activities and employment for school-age children. The challenged terms and conditions are/were applicable only to families with children, are burdensome, discriminatory and unjustified and are in violation of federal and state fair housing laws.

6. The statements and advertisements of Defendants in furtherance of these unlawful policies and/or practices expressed a preference for families without children and imposed a limitation on families with children in violation of federal and state fair housing laws.

7. After learning of these practices at the Sonoma Bay condominium development and conducting testing, the Fair Housing Center diverted its resources to engage in a public education campaign involving the distribution of flyers and presentations on the radio to inform the public that these practices were illegal and in violation of the FHA. The Fair Housing Center also filed a housing discrimination complaint with the U.S. Department of Housing and Urban Development on March 26, 2013, which was referred to and dual-filed with the Palm Beach County Office of Equal Opportunity ("PBCOEO"). The Fair Housing Center withdrew its complaint from the PBCOEO on December 13, 2013. The Fair Housing Center subsequently

---

[2] The state of Florida allows persons over the age of 17 to be employed. FLA. STAT. §562.13 (2) (a)-(h).

learned of similar policies and/or practices at the Marsh Harbour condominium development and conducted testing there in 2014, confirming the same or similar policies and/or practices as those at Sonoma Bay.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 3613 (a), 28 U.S.C. § 1331, 28 U.S.C. § 25201, and 28 U.S.C. § 1343(a)(4). Venue is proper in the Southern District of Florida under 28 U.S.C. §1391 because a substantial portion of the events or omissions giving rise to the claims occurred in Palm Beach County, Florida.

## PARTIES

### *Plaintiff*

9. Plaintiff the Fair Housing Center of the Greater Palm Beaches, Inc. is a non-profit corporation organized under the laws of Florida with its principal place of business located at 1300 West Lantana Road, Suite 200, Lantana, Florida 33460.

10. The Fair Housing Center maintains as its primary purpose the elimination of housing discrimination on the basis of race, color, national origin, religion, sex, familial status, disability, marital status, age, sexual orientation, and gender identity or expression throughout the Greater Palm Beaches area. The Fair Housing Center seeks the eradication and elimination of direct and indirect obstacles that limit full access to the housing market throughout Florida and seeks to end unlawful housing discrimination through education, public awareness, and helping victims enforce their rights.

11. In support of its purpose, the Fair Housing Center engages in a variety of fair housing activities and services throughout the Greater Palm Beaches, including contracting with governmental officials to promote fair housing, training housing providers and local

municipalities about anti-discrimination laws, referring constituents to housing opportunities free from discrimination, mediating fair housing issues concerning municipalities, sponsoring fair housing educational programs, counseling residents of the Greater Palm Beaches on fair housing rights, and helping victims of housing discrimination enforce their rights guaranteed under the fair housing laws.

12. The Fair Housing Center also conducts fair housing testing. These testing activities inform the Fair Housing Center's community education programs and enhance the effectiveness of the Center's counseling and referral services by increasing the supply of available housing to all protected classes.

*Defendants*

13. Defendant Sonoma Bay Community Homeowners Association, Inc., ("Sonoma Bay HOA"), is a non-profit corporation registered in the state of Florida and located at 3600 Sonoma Drive, Riviera Beach, Florida 33404. The Sonoma Bay HOA creates and executes the rules and regulations of the Sonoma Bay condominium development, which is located at the same address as the Sonoma Bay HOA. Jeanne Kulick is the President of the Sonoma Bay HOA. On information and belief, the Sonoma Bay HOA is responsible for the approval or denial of leasing applications.

14. Defendant Emanuel Management Services, LLC ("Emanuel Management") is a management company with its principal place of business at 4271 San Marino Blvd. Apt 204, West Palm Beach, Florida 33409. Emanuel Management is the management company responsible for the Sonoma Bay condominium development. On information and belief, Emanuel Management is responsible for the implementation of the Sonoma Bay HOA Rules and Regulations and acts as an agent for the Sonoma Bay HOA. According to the March 2013

Sonoma Bay Community Newsletter, Niambi Emanuel is the Property Manager of the Sonoma Bay condominium development.  Ms. Emanuel is responsible for distributing and accepting rental applications as well as the general management of the property.  On information and belief, she is an employee and agent of Emanuel Management and an agent of the Sonoma Bay HOA.

15. Defendant Jonathan Merrigan was the listing agent for the purpose of renting the dwelling unit at 1915 Hibiscus Ln., Riviera Beach, Florida 33404, located in the Sonoma Bay condominium development.  Mr. Merrigan resides at 14246 Tornelia Lane, West Palm Beach, Florida  33414, and is sued in his individual capacity.

16. Defendant Marsh Harbour Maintenance Association, Inc., ("Marsh Harbour HOA") is a corporation registered in the state of Florida with its principal place of business at 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404.  On information and belief, the Marsh Harbour HOA creates and executes the rules and regulations of the Marsh Harbour condominium development, which is located at the same address as the Marsh Harbour HOA.  On information and belief, the Marsh Harbour HOA is responsible for the approval or denial of leasing applications and acts as agent for and on behalf of the nine Defendant Marsh Harbour Condominium Associations identified more specifically below.

17. Defendant Marsh Harbour 1 Condominium Association, Inc., ("Marsh Harbour 1") is a corporation registered in the state of Florida.  Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA.  On information and belief, Marsh Harbour 1 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the

6

Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

18. Defendant Marsh Harbour 2 Condominium Association, Inc. ("Marsh Harbour 2") is a corporation registered in the state of Florida. Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA.  On information and belief, Marsh Harbour 2 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

19. Defendant Marsh Harbour 3 Condominium Association, Inc. ("Marsh Harbour 3") is a corporation registered in the state of Florida.  Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA.  On information and belief, Marsh Harbour 3 is one of the nine Marsh Harbour condominium associations, also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

20. Defendant Marsh Harbour 4 Condominium Association, Inc., ("Marsh Harbour 4") is a corporation registered in the state of Florida.  Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA.  On information and belief, Marsh Harbour 4 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

21. Marsh Harbour 41 Condominium Association, Inc., ("Marsh Harbour 41") is a corporation registered in the state of Florida. Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA. On information and belief, Marsh Harbour 41 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

22. Marsh Harbour 49 Condominium Association, Inc., ("Marsh Harbour 49") is a corporation registered in the state of Florida. Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA. On information and belief, Marsh Harbour 49 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

23. Defendant Marsh Harbour 50 Condominium Association, Inc., ("Marsh Harbour 50") is a corporation registered in the State of Florida. Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA. On information and belief, Marsh Harbour 50 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

24. Defendant Marsh Harbour 51 Condominium Association, Inc., ("Marsh Harbour 51") is a corporation registered in the state of Florida. Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA. On information and belief, Marsh Harbour 51 is one of the nine Marsh

Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

25. Defendant Marsh Harbour 52 Condominium Association, Inc., ("Marsh Harbour 52") is a corporation registered in the state of Florida. Its principal place of business is 1000 Marsh Harbour Drive, Riviera Beach, Florida 33404 – also the principal place of business of the Marsh Harbour HOA. On information and belief, Marsh Harbour 52 is one of the nine Marsh Harbour condominium associations also named as defendants in this action, which operate at the Marsh Harbour condominium development through the management of the Marsh Harbour HOA.

26. Defendant Prestige Quality Management, LLC., ("Prestige Management") is a management company with its principal place of business at 1270 Rosegate Blvd., Riviera Beach, Florida 33404. Prestige Management is the management company responsible for the Marsh Harbour condominium development. On information and belief, Prestige Management is responsible for the implementation of the Marsh Harbour HOA Rules and Regulations and acts as an agent for the Marsh Harbour HOA. Kimberly Jackson is the Property Manager for the Marsh Harbour condominium development and an agent of the Marsh Harbour HOA. Ms. Jackson is responsible for distributing and accepting rental applications as well as the general management of the property.

27. Defendant Prestige Properties Group, LLC ("Prestige Properties") is a real estate corporation registered in the state of Florida located at 1880 W. 10th Street, Suite 101, Riviera Beach, Florida 33404. On information and belief, Prestige Properties is a real estate leasing company responsible for renting vacant units for the Marsh Harbour condominium development.

9

28.     Defendant Bobby C. Mills acted as the listing agent for Prestige Properties for the purposes of renting vacant units in the Marsh Harbour condominium development.  Mr. Mills resides at 4720 Portofino Way, Apt. 101, West Palm Beach, Florida 33409, and is sued in his individual capacity.

## FACTUAL BACKGROUND

### Sonoma Bay Condominium Development

**A.     Families with Minor Children Were the Only Group Required to Show Proof of Academic Status to be Eligible to Lease or Occupy a Unit**

29.     Sonoma Bay HOA required the in-person submission of a completed lease application for applicants to be fully considered to rent a unit in the Sonoma Bay condominium development.  Leasing of units is subject to the prior written approval of the Sonoma Bay HOA.  Exhibit A -- Sonoma Bay Homeowners' Association, Inc., Application for Lease.

30.     Pursuant to the Sonoma Bay Homeowners' Association, Inc. Application for Lease, "all prospective tenants must complete the Master Association Application and submit the following documents. . . .school ID/ Report Cards . . . of person[s] under the age of 18 years old." Id. at 2.

31.     If a leasing application is denied, no explanation for the denial will be given even if an inquiry is made by the denied applicant.  Id. at 1.

32.     In March of 2013, the Fair Housing Center discovered several advertisements listing 1915 Hibiscus Lane Riviera Beach, Florida 33404, a unit in the Sonoma Bay condominium development, as available for rent.  Each listing encouraged the applicant to contact John (Jonathan) Merrigan for information regarding the unit.

33. One advertisement, posted on Craigslist stated: "HOME OWNERS ASSOCIATION REQUIREMENTS" and listed as a requirement: "report cards for children under 18." Exhibit B -- Craigslist advertisement 3/20/2013. The ad states: "Call john TODAY 561-329-2417." Id. This advertisement expresses a preference for families without children and imposes a limitation on families with children.

34. On March 21, 2013, a "tester" for the Fair Housing Center contacted Mr. Merrigan regarding the application requirements for the rental property at Sonoma Bay. Mr. Merrigan confirmed that the address was 1915 Hibiscus and that he was the leasing agent representing the owner. The tester inquired about the requirement to submit a report card for minor children. Mr. Merrigan confirmed the requirement.

35. None of the leasing documents required adult students to submit a school ID or report card.

36. As recent as March 5, 2014, the Sonoma Bay HOA continued to require the submission of school ID/report cards for families with minor children seeking to lease a townhome at Sonoma Bay. Exhibit C – Application to Lease, Sonoma Bay Homeowners' Association.[3]

### B. Families with Minor Children Were Treated Differently from Those without Children

37. Sonoma Bay Rules and Regulations in effect in 2013 had a section entitled "Clothing Proper Attire." It stated "No boys should be shirtless and girls must wear a cover up over a bathing suit when walking to the pool. . . . Any violation of this rule will result in a fine." This rule applied to minor children (boys and girls) and subsequently treats them differently from

---

[3] This document was retrieved from the Sonoma Bay Community website on March 5, 2014. A review of the website on May 19, 2014, indicates that the report card requirement has been removed from the application on the website. Plaintiffs will need discovery to determine the extent, timing and effect of these changes.

11

adults (men and women) who engage in the same behavior.  Exhibit D -- Sonoma Bay Rules and Regulations.[4]

38.     The Sonoma Bay Rules and Regulations regarding "Loitering" stated: "After dark all children should be in their home or on their patio."  Id.

39.     The Sonoma Bay HOA informed all applicants and tenants that it has the right to terminate a lease upon default by the tenant in observing any of the provisions of the HOA's documents.  Id. at 2.  These documents include the Sonoma Bay Community Lease Application as well as the Sonoma Bay Rules and Regulations.

### Marsh Harbour Condominium Development

**A.     Families with Minor Children Are the Only Group Required to Show Proof of Academic Status to be Eligible to Lease or Occupy a Unit**

40.     Marsh Harbour HOA requires the in-person submission of a completed lease application for applicants to be fully considered to rent a unit in the Marsh Harbour Community.  Leasing of units is subject to the prior written approval of the Marsh Harbour HOA.  Exhibit E – Application to Lease, Marsh Harbour Maintenance Association, Inc.

41.     Prospective tenants must submit "[a] [c]opy of Report cards for anyone between the age[sic] of 5-18."  Id. at 3.  Without this information the application will be denied.  Id.

42.     None of the leasing documents require adult students to submit a report card.

43.     If a leasing application is denied, no explanation for the denial will be given even if an inquiry is made by the denied applicant.  Id. at 1.

44.     On January 29, 2014, a "tester" for the Fair Housing Center contacted Bobby C. Mills, who was identified as a realtor handling vacancy listings for Marsh Harbour, to inquire

---

[4] The curfew and proper attire rules and regulations were removed from the Sonoma Bay HOA website during the pendency of Plaintiff's complaint with the PBCOEO.  Again, discovery will be necessary to determine the effect and timing of these changes.

about renting a unit at Marsh Harbour. Mr. Mills confirmed that two bedroom units were available. The tester also requested a lease application. In response, Mr. Mills emailed the tester Exhibit E, which contains the challenged terms and conditions imposed on families with children.

### B. Families with Minor Children are Treated Differently from Those without Children

45. The Marsh Harbour Master Association Rules and Regulations set out a "Curfew," which states: "All persons under the age of 18 must be in their home or back patio after sunset." Id. at 13.

46. The Marsh Harbour Master Association Rules and Regulations section titled "Clothing Proper Attire" states: "[n]o boys should be shirtless and girls must wear a cover up over a bathing suit when walking to the pool." This rule, as stated, applies to minor children (boys and girls) and subsequently treats them differently from adults (men and women) who engage in the same behavior. Id.

47. The Marsh Harbour HOA expresses to all applicants and tenants that it has the right to terminate a lease upon default by the tenant in observing any of the provisions of the HOA's documents. Id. These documents include the Marsh Harbour Master Application as well as the Marsh Harbour Rules and Regulations.

### INJURIES TO PLAINTIFF

48. Defendants, acting individually and in concert with others, directly and through their agents, maintain or until recently maintained policies and/or practices that discriminate against persons on the basis of familial status.

13

49. As a result of Defendants' unlawful actions described above, families with children who applied to rent or who rent dwellings at the Sonoma Bay and Marsh Harbour developments were deprived of their right to equal housing opportunities.

50. Defendants' unlawful actions, as described above, have frustrated the Fair Housing Center's mission of promoting fair housing and nondiscrimination in housing throughout the Greater Palm Beaches region. The Fair Housing Center has made substantial efforts and expended considerable resources to ensure equal housing opportunities with regard to familial status in its service area. Defendants' discriminatory practices have impeded the Fair Housing Center's efforts to ensure equal housing opportunities with regard to familial status.

51. Defendants' unlawful actions required the Fair Housing Center to divert its resources from its typical activities, which include the provision of educational, testing, investigative, counseling, and referral services throughout the Greater Palm Beaches area. Instead of engaging in its usual activities, the Fair Housing Center has been forced to take action to identify and counter Defendants' discriminatory practices by investigating Defendants' activities and engaging in public education efforts (making presentations and distributing flyers) to educate the community regarding the requirements of the Fair Housing Act as it relates to familial status discrimination in housing and Defendants' illegal conduct.

52. In an effort to offset and counter the effect of Defendants' unlawful practices and actions and longstanding refusal to change those unlawful practices and actions The Fair Housing Center devoted time, resources, and money to educate the public and raise community awareness regarding housing discrimination based on familial status.

53. Unless enjoined, Defendants will continue to engage in these unlawful acts and the pattern, practice and/or policy of discrimination described above.

## **FIRST CAUSE OF ACTION**

### **Fair Housing Act, 42 U.S.C. § 3601,** *et seq***.**

54. Plaintiff repeats and incorporates the preceding paragraphs herein and further alleges as follows:

55. Defendants' acts, including those through their employees and/or agents as described herein, violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3604(a), (b) and (c) in that they,

(a) constitute a refusal to rent housing and otherwise make housing unavailable on the basis of familial status in violation of 42 U.S.C. § 3604(a);

(b) provide different terms, conditions, and privileges for the rental of housing, as well as different requirements and rules in connection therewith, on the basis of familial status in violation of 42 U.S.C. § 3604(b); and

(c) make statements and advertisements, including those made by their employees and/or agents, as described herein, that express a preference and/or limitation on the basis of familial status in violation of 42 U.S.C. § 3604(c). Pursuant to 24 C.F.R. §100.75;

> "It shall be unlawful to make, print or publish, or cause to be made, printed or published, any notice, statement or advertisement with respect to the sale or rental of a dwelling which indicates any preference, limitation or discrimination because of race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation or discrimination."

## SECOND CAUSE OF ACTION

### Florida Fair Housing Act, Fla. Stat. § 760.20, *et seq.*

56. Plaintiff repeats and incorporates the preceding paragraphs herein and further alleges as follows:

57. Defendants' acts, including those through their employees and/or agents as described herein, violate the Florida Fair Housing Act, § 760.23(1), (2), and (3) in that they,

(1) constitute a refusal to rent housing and otherwise make housing unavailable on the basis of familial status in violation of Fla. Stat. § 760.23(1);

(2) provide different terms, conditions, and privileges for the rental of housing, as well as different requirements and rules in connection therewith, on the basis of familial status in violation of Fla. Stat. § 760.23(2); and

(3) express a preference and impose a limitation on the basis of familial status in violation of Fla. Stat. § 760.23(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

(1) That the Court enter a declaratory judgment finding that the foregoing actions of Defendants are in violation the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, *et seq*. and the Florida Fair Housing Act, Fla. Stat. § 760.20, *et* seq. ;

(2) That each Defendant be ordered to take appropriate actions to ensure that the activities complained of above are completely stopped immediately and not engaged in again by it or any of its agents;

(3) That the Court enter a permanent injunction directing Defendants and their directors, officers, agents and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein, including but not limited to prominent notice to all tenants and homeowners correcting any and all related unlawful provisions in their leases and ownership documents, and to prevent similar occurrences in the future;

(4) That Plaintiff be awarded compensatory damages, in an amount to be determined at trial, to fully compensate it for its diversion of resources, frustration of mission, and other damages it has suffered as a result of Defendants' actions described above;

(5) That the Court order Defendants to pay appropriate punitive damages to Plaintiff;

(6) That Plaintiff be awarded reasonable attorneys' fees and costs in this action; and

(7) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the Plaintiff demands a trial by jury.

Dated: May 20, 2014

/s/Ayesa Phillips
Ayesa Phillips, Bar. # 100955
Ford & Phillips, P.L.
2700 N. 29th Avenue, Suite 105
Hollywood, FL 33020
Telephone: (954) 639-7197
Facsimile: (954) 639-7267
ayesa.fplaw@yahoo.com

Janell M. Byrd*
Pia M. Winston*
Mehri & Skalet, PLLC
1250 Connecticut Ave. NW, Suite 300
Washington, DC 20002
Telephone:  (202) 822-5100
Facsimile:  (202) 822-4997

jbyrd@findjustice.com
pwinston@findjustice.com

*Motion for Admission Pro Hac Vice to be filed.