UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:14-CV-80667-ROSENBERG/BRANNON

FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.,
et al.,

     Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC.,
et al.,

     Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, GEORGE LIPSITZ

This matter is before the Court on Defendant's Motion to Exclude the Testimony of Plaintiff's Expert Witness, George Lipsitz [DE 240].  Plaintiff filed a Response to the Motion [DE 260] and Defendant filed a Reply [DE 270].  The Court has reviewed the documents in the case file and is fully advised in the premises.  For the reasons set forth below, Defendant's Motion is granted.

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.  Thus, in

1

determining the admissibility of expert testimony under Rule 702, courts engage in a three-part inquiry to evaluate whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert v. Merrell Dow Pharmaceuticals, Inc;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998)). The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Id.* The trial court has broad discretion in determining whether to admit expert testimony. *See id.* at 1259. Here, Plaintiff's proffered expert witness, Mr. Lipsitz, fails on each prong of the three-point inquiry.

Mr. Lipsitz is not qualified to testify competently on the matters he intends to address. Just because Mr. Lipsitz is an expert in one field, black history and social science in relation thereto, does not mean that Mr. Lipsitz is an expert on related subjects. Plaintiff seeks to use Mr. Lipsitz's testimony to introduce evidence concerning the past, present, and future psychological effects of the purported discrimination on Plaintiffs. Mr. Lipsitz has no medical training, nor does he have any experience in psychological treatment. Mr. Lipsitz is a trained historian, but his expert report is inextricably intertwined with medically-based conclusions:

- I have been asked to review social science research and assess whether these policies and practices are producing the ill effects associated with discriminatory treatment that are likely to have continuing consequences in future.

- Adverse early life experiences with discrimination undermine self-confidence and interfere with children's development and growth.

2

- [E]xpectation of repeated discrimination in the future creates a degree of anticipatory fear that is linked to hypertension and depression.

- Instances of discrimination also create immediate physical problems by increasing physical stress as well as cardiovascular and psychological reactivity. Discrimination promotes isolation and feelings of detachment from networks of communication, assistance and obligation. Isolation and loneliness are associated with the likelihood of early mortality, poor cardiovascular health and coronary heart disease.

- Social exclusion can lead to feelings of physical pain and changes in the parasympathetic nervous system. Experiences with discrimination can injure victims' cardiovascular, endocrine, immunologic, and metabolic systems, contributing to increased chances for hypertension, obesity, diabetes, depression, asthma, and infections.

- Discrimination is especially damaging to children. Adverse early life experiences increase the risk of depression, alcoholism, and suicide attempts. Greater numbers of these experiences are associated with increased risks of negative physical and mental health and a shorter life expectancy. Exposure to discrimination in early childhood can impede brain development, while exposure during the development of inference-making skills can promote self-consciousness, anger, depression and anxiety.

DE 240-1. For all of the aforementioned reasons, the Court concludes that Mr. Lipsitz is not qualified to testify on the proffered subjects.

Mr. Lipsitz's methodology is not reliable. Mr. Lipsitz's conclusions are based almost entirely on brief interviews with some of the Plaintiffs. Mr. Lipsitz did not review any medical records. Mr. Lipsitz did not review any records pertaining to mental health or counseling. While his report makes the conclusory assertion that his methodology is acceptable, it does not contain sufficient information that would allow this Court to conclude that Mr. Lipsitz has appropriately explained how his experience leads to the conclusions he reached, why his experience provides a sufficient basis for his opinion, and how that experience is reliably applied to the facts. *See Clena Investments, Inc. v. XL Speciality Ins. Co.*, 280 F.R.D. 653, 663 (S.D. Fla. 2012). To be clear, the Court has no doubt that some of the literature in studies relied upon by Mr. Lipsitz use reliable

3

methodologies, but the Court's instant inquiry is limited to *this case* and whether Mr. Lipsitz's conclusions, which as discussed above incorporate numerous medically-based determinations, were arrived at via a reliable methodology. Upon reviewing Mr. Lipsitz's methodology, the Court is not persuaded.

Mr. Lipsitz's testimony will not be helpful to the trier of fact. Mr. Lipsitz summarizes the interviews he conducted with some of the Plaintiffs as follows:

> Fifteen year old [redacted], a gracious, generous, gentle, polite, and soft spoken young man, expresses aggravation from constantly being ordered by authorities in the development to go home.
>
> Seven year old [redacted] is lively, playful, and friendly. His face falls into a frown; however, as he explains that having to stay on the porch makes him feel sad.
>
> Twelve year old [redacted] conveys with quiet dignity that spending so much time indoors is boring to him and makes him feel sad.
>
> [Redacted] reports "I feel depressed," complaining that he often just stays in bed in the morning thinking about going outside to play but knowing that he cannot. Similarly, [redacted] reports that he feels depressed frequently, that he just stays in bed when he wakes up because he knows there is nothing outside for him to do.
>
> [Redacted] relates that her niece does not like to go out in the complex because she has been scolded at the clubhouse by HOA officers. Similarly, she observes that her son [redacted] is fearful of going out because he was scolded for conversing with his friends on a street corner. She offers that living in her home is stressful, "not comfortable," describing it as "not a pleasant place to stay," adding "you don't feel free."

DE 240-1. Upon review of Mr. Lipsitz's report, the Court concludes that, in totality, the jury would not be aided by his testimony. The jury may glean the necessary facts without expert assistance, as exemplified above, because the facts at issue do not require the specialized knowledge of Mr. Lipsitz. Indeed, it is well settled that garden variety emotional distress damages (which is what is at issue in this case) do not require the testimony of an expert witness—a jury may decide such damages without expert assistance. *See In re Jolly Roger Cruises & Tours, S.A.*, 2011 WL

4

1467172 (S.D. Fla. Apr. 18, 2011).  Mr. Lipsitz's expert report will not assist the trier of fact through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Finally, the probative value of Mr. Lipsitz's testimony is outweighed by its potential to mislead or confuse the jury.  *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985).  Mr. Lipsitz's conclusions are repeatedly intertwined with legal conclusions—essentially that Defendant's policies and practices are discriminatory.  *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005) ("[T]estifying experts may not offer legal conclusions.").  Moreover, to the extent Mr. Lipsitz's testimony does not offer legal conclusions, his testimony would still unfairly mislead or confuse the jury because, as discussed above, numerous medically-based conclusions are incorporated in his findings.

In summary, Mr. Lipsitz is not qualified, his methodology is not reliable, his testimony is not helpful, and his testimony has great potential to mislead or confuse the jury.  It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Exclude the Testimony of Plaintiff's Expert Witness, George Lipsitz [DE 240] is **GRANTED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of August, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record