**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.: 9:14-cv-80667-RLR

THE FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.

Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC., et al.

Defendants.

**PLAINTIFFS AND DEFENDANTS' PROPOSED JURY INSTRUCTIONS[1]**

---

[1] Plaintiffs and Defendants submit the following proposed jury instructions, some of which they agree upon. Those instructions that the parties do not agree on have been separated for the Court's review and determination.

Plaintiffs and Defendants' Proposed Jury Instruction No. 1

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

This is a civil case brought under a collection of federal, state, and local laws generally known as the Fair Housing Act.  To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiffs claim that there was discrimination perpetuated by Defendants against families with children at the Sonoma Bay and Marsh Harbour Communities. Defendants deny those claims and contend that they did not discriminate against Plaintiffs in any way.

Burden of proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what he/she/it claims is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.[2]

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

---

[2] Defendants would like the following paragraph inserted at this point: "Although there is more than one Defendant in this action, it does not follow from that fact alone that if one Defendant is liable to a Plaintiff, then all Defendants are liable. Each Defendant is entitled to a fair consideration of the evidence. No Defendant should be prejudiced solely because you find against another. Unless otherwise stated, all instructions I give you govern the case as to each individual Defendant. Plaintiffs object to this addition."

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.

Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.


Eleventh Circuit Pattern Instructions (2013), 1.1 General Preliminary Instruction

Plaintiffs and Defendants' Proposed Jury Instruction No. 2

## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about

the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Eleventh Circuit Pattern Instructions (2013), 1.4 Jury Questions

Plaintiffs and Defendants' Proposed Jury Instruction No. 3

## INTERIM STATEMENTS

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Eleventh Circuit Pattern Instructions (2013), 1.5 Interim Statements

Plaintiffs and Defendants' Proposed Jury Instruction No. 4

## STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Eleventh Circuit Pattern Instructions (2013), 2.1 Stipulations

Plaintiffs and Defendants' Proposed Jury Instruction No. 5

## USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The depositions of certain witnesses will be presented to you by a video and/or by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Eleventh Circuit Pattern Instructions (2013), 2.2 Use of Depositions (modified)

Plaintiffs and Defendants' Proposed Jury Instruction No. 6

**JUDICIAL NOTICE**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Eleventh Circuit Pattern Instructions (2013), 2.5 Judicial Notice

Plaintiffs and Defendants' Proposed Jury Instruction No. 7

## USE OF INTERROGATORIES

You will hear answers that a party gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, the party gave the answers in writing while under oath.

You must consider the party's answers to as though he/she gave the answers on the witness stand.

Eleventh Circuit Pattern Instructions (2013), 2.6 Use of Interrogatories

Plaintiffs and Defendants' Proposed Jury Instruction No. 8

## IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Eleventh Circuit Pattern Instructions (2013), 2.7 In-Trial Instructions on News Coverage

Plaintiffs and Defendants' Proposed Jury Instruction No. 9

**DUTY TO FOLLOW INSTRUCTIONS**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that Homeowners Associations or other corporations are involved as parties must not affect your decision in any way. Homeowners Associations, other corporations and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a Homeowners Association or other corporation is involved, of course, it may only act through people as its employees or agents. A Homeowners Association or other corporation is responsible under the law for any of the acts and statements of its employees or agents that are made within the scope of their duties.

Eleventh Circuit Pattern Instructions (2013), 3.2.2 The Duty to Follow Instructions – Corporate Party Involved (modified)

Plaintiffs and Defendants' Proposed Jury Instruction No. 10

**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE**
**ARGUMENT OF COUNSEL**
**COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Pattern Instructions (2013), 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

Plaintiffs and Defendants' Proposed Jury Instruction No. 11

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?


Eleventh Circuit Pattern Instructions (2013), 3.4 Credibility of Witnesses

Plaintiffs and Defendants' Proposed Jury Instruction No. 12

**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Eleventh Circuit Pattern Instructions (2013), 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

Plaintiffs' Proposed Jury Instruction No. 13

## EXPERT WITNESS

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.


Eleventh Circuit Pattern Instructions (2013), 3.6.1 Expert Witness

Defendants' Proposed Jury Instruction No. 13

## EXPERT WITNESS – WHEN EXPERT FEES REPRESENT A SIGNIFICANT PORTION OF THE WITNESS'S INCOME

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Authority: Eleventh Circuit Pattern Jury Instruction 3.6.2 (2013)

Plaintiffs' Proposed Jury Instruction No. 14

### RESPONSIBILITY FOR PROOF – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.


Eleventh Circuit Pattern Instructions (2013), 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

Defendants' Proposed Jury Instruction No. 14

## RESPONSIBILITY FOR PROOF – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." Each Plaintiff carries a separate "burden of proof" or "burden of persuasion" for their respective claims, and proof of a claim by one Plaintiff against one Defendant is not necessarily proof of any other Plaintiff's claims against any other Defendant.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against that particular Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

Plaintiffs have each brought two claims against multiple defendants. You must consider each Plaintiff's claim against each Defendant and the evidence relative to each claim separately and individually. If you find one Defendant liable to one Plaintiff, that must not affect your verdict for any other Defendant as to any other Plaintiff.

Eleventh Circuit Pattern Instructions (2013), 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence (modified)

Plaintiffs and Defendants' Proposed Jury Instruction No. 15

**RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE**

In this case, the Defendants assert numerous affirmative defense[s]. Even if the Plaintiffs prove their claims by a preponderance of the evidence, a Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately and for only the Defendant that asserts it.

I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if a Defendant raises an affirmative defense, the only way a Defendant can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Eleventh Circuit Pattern Instructions (2013), 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence (modified)

Plaintiffs and Defendants' Proposed Jury Instruction No. 16

## INTRODUCTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:14-cv-80667-RLR

THE FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.

Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC., et al.

Defendants.

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Eleventh Circuit Pattern Instructions (2013), 3.1 Introduction

Plaintiffs' Proposed Jury Instruction No. 17

### THE FEDERAL STATUTES DEFINING THE CLAIMS

I shall now instruct you on the specific federal law relating to housing discrimination on the basis of familial status. The individual Plaintiffs and Fair Housing Center are suing Defendants under the Fair Housing Act.

The purpose of the federal Fair Housing Act is to eliminate all traces of discrimination within the housing market. The Fair Housing Act provides, in relevant part, that it shall be unlawful:

(1)     To make unavailable or deny, a dwelling to any person because of familial status; or

(2)     To discriminate against any person in the provision of services or facilities in connection therewith, because of familial status; or

(3)     To make, print, or publish, or cause to be made, printed, or published any notice, or statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status  or an intention to make any such preference, limitation, or discrimination.

Each of these acts is a separate and independent violation of the Fair Housing Act. Discrimination based on familial status includes discrimination against children or families with children such as by making their application process more difficult, making the terms, conditions, or privileges of their living in the community different than families without children or singling children out in an adverse way.

Authority: 42 U.S.C. §§ 3602(k), 3604; *Marr v. Rife*, 503 F.2d 735, 741 (6th Cir. 1974); *United States v. Hunter* at 218*; United States v. L & H Land Corp*., 407 F. Supp. 576, 579 (S.D. Fla. 1976); *United States v. City of Parma*, 494 F. Supp. 1049, 1095 (N.D. Ohio 1980); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n*, 3 F.3d 1472, 1477 (11th Cir 1993); *Reese v. Miami-Dade County*, 242 F. Supp. 2d 1292, 1302 (S.D. Fla. 2002).

Defendants' Proposed Jury Instruction No. 17

## THE FEDERAL STATUTES DEFINING THE CLAIMS

I shall now instruct you on the specific federal law relating to housing discrimination on the basis of familial status.  The individual Plaintiffs and Fair Housing Center are suing Defendants under the Fair Housing Act.

The purpose of the federal Fair Housing Act is to eliminate all traces of discrimination within the housing market.  The Fair Housing Act provides, in relevant part, that it shall be unlawful:

    (4)    To make unavailable or deny, a dwelling to any person because of familial status; or

    (5)    To discriminate against any person in the provision of services or facilities in connection therewith, because of familial status; or

    (6)    To make, print, or publish, or cause to be made, printed, or published any notice, or statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status  or an intention to make any such preference, limitation, or discrimination.

Each of these acts is a separate and independent violation of the Fair Housing Act. Discrimination based on familial status includes discrimination against children or families with children such as denying or making housing unavailable to families with children, making the terms, conditions, or privileges of their living in the community different than families without children or singling children out in an adverse way.

As I previously instructed you, corporations may only act through people as their officers, directors, agents, or employees. Thus, a corporation is liable or legally responsible under the Fair Housing Act for the unlawful actions it takes by its officers, directors, agents, or employees while those individuals were acting within the scope of their authority or duties or employment.

Furthermore, Plaintiffs have also brought claims against individuals who they claim acted unlawfully in violation of the Fair Housing Act. These individuals can be held liable for violating the Fair Housing Act if you find, by a preponderance of the evidence, that the particular individual personally engaged in conduct prohibited by the law as hereinafter described. The fact that a particular individual was acting within the scope of his or her authority or duties of employment does not relieve that individual from liability if he or she, in fact, personally engaged in the unlawful conduct.

However, no Defendant can be liable for the acts, practices, or policies of another Defendant, and no Defendant may be found liable merely as a result of guilt by association with another liable party.   Rather, you must find that each Defendant actually committed a discriminatory housing practice against each Plaintiff separately and individually.

To succeed on its claims against each Defendant, each Plaintiff must individually and separately prove their claims.

Authority: 42 U.S.C. §§ 3602(k), 3604; *Marr v. Rife*, 503 F.2d 735, 741 (6th Cir. 1974); *United States v. Hunter* at 218*; United States v. L & H Land Corp*., 407 F. Supp. 576, 579 (S.D. Fla. 1976); *United States v. City of Parma*, 494 F. Supp. 1049, 1095 (N.D. Ohio 1980); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n*, 3 F.3d 1472, 1477 (11th Cir 1993); *Reese v. Miami-Dade County*, 242 F. Supp. 2d 1292, 1302 (S.D. Fla. 2002); *Sabal Palm Condominium of Palm Island Ridge Ass'n, Inc. v. Fischer*, 6 F. Supp. 3d 1272 (S.D. Fla. 2014)

Plaintiffs' Proposed Jury Instruction No. 18

## INTENTIONAL DISCRIMINATION

You must find in favor of Plaintiffs on their claims that Defendants (1) made unavailable, discouraged or denied a dwelling to Plaintiffs because of familial status, and/or (2) discriminated against Plaintiffs in the provision of services or facilities in connection with the rental of housing because of familial status if you find that Plaintiffs have established:

(1)     that the fact families with children in their households was a motivating factor in Defendants' actions that made the availability of housing more difficult; or

(2)     that the fact families with children in their households was a motivating factor in Defendants' imposing different rules, regulations or conditions on those families.

The fact that Plaintiffs had children in their households does not need to be the sole factor, or even the main factor, for Defendants' actions. Inconsistent statements by the witnesses regarding the purpose of a policy or practice may be considered evidence of intentional discrimination.

Authority: 42 U.S.C. § 3604; *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-101 (2003); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977); *United States v. Pelzer Realty Co., Inc.*, 484 F.2d 438, 443 (5th Cir. 1973).

Defendants' Proposed Jury Instruction No. 18

## DISCRIMINATION INSTRUCTION

You may find in favor of Plaintiffs on their claims that Defendants (1) made unavailable, discouraged or denied a dwelling to Plaintiffs because of familial status, and/or (2) discriminated against Plaintiffs in the provision of services or facilities in connection with the rental of housing because of familial status if you find that Plaintiffs have established:

(1)     that the fact families with children in their households was a motivating factor in Defendants' actions that made the availability of housing more difficult; or

(2)     that the fact families with children in their households was a motivating factor in Defendants' imposing different rules, regulations or conditions on those families.


If you find that the Plaintiff has not proven by a preponderance of the evidence that the Plaintiffs' familial status was a motivating factor in making housing unavailable, or providing the Plaintiffs with different terms, conditions, or privileges for the rental of housing, then you must find in favor of the Defendant.

If you find that each Plaintiff has met its burden of proof as to each Defendant, you must consider each Defendant's defenses.

Defendants claim that familial status was not a motivating factor in making housing unavailable, or providing the terms, conditions or privileges in the respective communities.  A housing provider may not discriminate but the housing provider may make housing unavailable, or impose different terms, conditions, or privileges for the rental of housing, for any other reason. If you believe the Defendant's reason for making housing unavailable, or imposing terms conditions or privileges on the Plaintiffs, and you find that familial status was not a motivating

factor, you must not second guess the Defendants, and you must not substitute your own judgment, even if you disagree with it.

Authority: 42 U.S.C. § 3604; *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-101 (2003); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977); *United States v. Pelzer Realty Co., Inc.*, 484 F.2d 438, 443 (5th Cir. 1973); *Woodard v. Fanboy, L.L.C.*, 298 F.3d 1261, 1264 (11th Cir. 2002); Eleventh Circuit Pattern Instructions (2013), 4.5

Plaintiffs and Defendants' Proposed Jury Instruction No. 19

## DISCRIMINATORY STATEMENTS

It is a separate violation of the federal Fair Housing Act to make, or cause to be made, any statement with respect to the rental of housing that indicates any preference, limitation, or discrimination based on familial status, or any statement that indicates an intention to make such preference, limitation, or discrimination.

You are to determine how an ordinary listener or reader would have interpreted the oral and written statements, not what the Defendant meant by the oral and written statements. If you find that an ordinary listener or reader would interpret an oral and written statement or statements made by the Defendant to express any preference, limitation, or discrimination based on families with children, you must find that the Defendant violated § 3604(c) of the Fair Housing Act.

The Fair Housing Act prohibits discriminatory statements whether or not the Defendant intended to express a preference or limitation on the basis of familial status. In addition, the statement or statements do not have to be discriminatory on their face in order to express a preference, limitation, or discrimination based on familial status.[3]

Authority: 42 U.S.C. § 3604(c); *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972); *White v. U.S. Dep't of Hous. & Urban Dev.*, 475 F.3d 898, 905-907 (7th Cir. 2007); *Jancik v. Dep't of Hous. and Urban Dev.*, 44 F.3d 553, 556 (7th Cir. 1995); *Soules v. U.S. Dep't of Hous. and Urban Dev.*, 967 F.2d 817, 824-25 (2d Cir. 1992); *Ragin v. New York Times Co.*, 923 F.2d 995, 1000 (2d Cir. 1991); *Sec'y, Dept. of Hous. & Urban Dev., on Behalf of Herron v. Blackwell*, 908 F.2d 864, 872 (11th Cir. 1990).

---

[3] Defendants would like to insert the following paragraph at this point: "However, if you find that the statements were made in good faith, and for legitimate non-discriminatory business reasons, then you should find the Plaintiff is not entitled to relief." Plaintiffs object to this addition.

Plaintiffs' Proposed Jury Instruction No. 20

## SPOLIATION[4]

Plaintiffs contend that Defendant Sonoma Bay Homeowners Association at one time possessed monthly newsletters and complete application forms including, but not limited to, report cards obtained from children. However, Defendant contend that evidence was not destroyed. You may assume that such evidence would have been unfavorable to Defendant Sonoma Bay Homeowners Association only if you find by a preponderance of the evidence that: (1) Defendant Sonoma Bay Homeowners Association intentionally destroyed the evidence or caused the evidence to be destroyed; and (2) Defendant Sonoma Bay Homeowners Association destroyed the evidence or caused the evidence to be destroyed in bad faith.

Authority: 7th Circuit Pattern Instruction 1.20 Spoliation/Destruction of Evidence (modified); *Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997).

---

[4] Defendants object to the inclusion of this proposed jury instruction and it is therefore submitted solely by Plaintiffs.

Plaintiffs and Defendants' Proposed Jury Instruction No. 21

**PLAINTIFF FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.**

One of the Plaintiffs in this case is a non-profit membership organization, the Fair Housing Center of the Greater Palm Beaches, Inc.  Such an organization is permitted to bring suit under the Fair Housing Act on its own behalf for any diversion of its resources and/or frustration of its mission to carry out its efforts to assure equal access to housing and to eliminate unlawful housing discrimination.


Authority:  *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

Plaintiffs' Proposed Jury Instruction No. 22

## COMPENSATORY DAMAGES – FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC. – SONOMA BAY DEFENDANTS

For Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., if you find that Defendants violated the federal Fair Housing Act you must determine an amount that is fair compensation for its damages caused by the acts of Defendants Sonoma Bay Homeowners Association. Emanuel Management Services Inc., Jeanne Kulick, and James Nyquist.

In awarding damages to Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you should award such actual or compensatory damages as you find from a preponderance of the evidence were proximately caused by the acts of the Defendants. In determining such damages, you shall consider that Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., is entitled to be compensated for:

(1)     the effect of diverting its resources away from its other programs and activities in order to investigate the Defendants' unlawful conduct; and

(2)     the damage to its mission and purpose.

In determining the amount to award Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you may consider the amount necessary to fully counteract Defendants' wrongdoing.

Authority: *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 29-31 (D.C. Cir. 1990); *Saunders v. General Services Corp.*, 659 F. Supp. 1042, 1060-61 (E.D. Va. 1987); *Davis v. Mansards*, 597 F. Supp. 334, 348 (N.D. Ind. 1984).

Plaintiffs' Proposed Jury Instruction No. 23

**COMPENSATORY DAMAGES – FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC. – MARSH HARBOUR DEFENDANTS**

For Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., if you find that Defendants violated the federal Fair Housing Act you must determine an amount that is fair compensation for its damages caused by the acts of Defendants Marsh Harbour Homeowners Association, Prestige Quality Management, James Nyquist and Kimberly Jackson.

In awarding damages to Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you should award such actual or compensatory damages as you find from a preponderance of the evidence were proximately caused by the acts of the Defendants. In determining such damages, you shall consider that Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., is entitled to be compensated for:

(1)     the effect of diverting its resources away from its other programs and activities in order to investigate the Defendants' unlawful conduct; and

(2)     the damage to its mission and purpose.

In determining the amount to award Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you may consider the amount necessary to fully counteract Defendants' wrongdoing.

Authority: *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 29-31 (D.C. Cir. 1990); *Saunders v. General Services Corp.*, 659 F. Supp. 1042, 1060-61 (E.D. Va. 1987); *Davis v. Mansards*, 597 F. Supp. 334, 348 (N.D. Ind. 1984).

Defendants' Proposed Jury Instruction No. 22 and 23

## COMPENSATORY DAMAGES – FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.

If you find that Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc. has proved each element they must prove as to each Defendant, and that each Defendants has not proved any affirmative defense, you must consider the issue of each Plaintiffs' compensatory damages. When considering the issue of Plaintiff's compensatory damages, you should determine what amount, if any, has been proven by Plaintiffs by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiffs' damages as a result of each Defendants' discriminatory acts, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendants.

Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that The Fair Housing Center has proved them by a preponderance of the evidence, and no others:

(1)     the effect of diverting its resources away from its other programs and activities in order to investigate the Defendants' unlawful conduct; and

(2)     the damage to its mission and purpose.

In determining the amount to award Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you may consider the amount necessary to fully counteract Defendants' wrongdoing.

Authority: Eleventh Circuit Pattern Jury Instruction 4.12 (2013) (modified)

Plaintiffs' Proposed Jury Instruction No. 24

## COMPENSATORY DAMAGES – INDIVIDUAL PLAINTIFFS

For Plaintiffs Janet Jackson, R.L., Leann Carr, N.N., Heather Abrams, Brenda Hill-Bluntson, if you find that Defendants violated the federal Fair Housing Act you must determine an amount that is fair compensation for their damages caused by the acts of Defendants Sonoma Bay Homeowners Association. Jeanne Kulick, James Nyquist, Emanuel Management Services, LLC.

For Plaintiffs Golda Muselaire, I.M., A.M., Z.M., Meghan Gardner, J.G., M.J.G., M.R.G. and Ta'Jenae Williams, if you find that Defendants Marsh Harbour Homeowners Association, Prestige Quality Management, LLC, James Nyquist and Kimberly Jackson violated Plaintiffs' rights under the Fair Housing Act, then you must determine an amount that is fair compensation for damages caused by the acts of those Defendants as well.

The amounts that are fair compensation for Plaintiffs' damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that the Plaintiffs have suffered.

General compensatory damages and actual compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injuries. For the claims Plaintiffs prevail on, they are entitled to compensatory damages. The Plaintiffs need not prove a specific loss to recover general compensatory damages. The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less.

When awarding compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the Plaintiffs whole, or to restore them to the positions they would have been in if the discrimination had not happened.

In addition to general compensatory damages, you should consider the following elements of actual compensatory damages; to the extent you find that the Plaintiffs have established such damages:

(1)     financial losses;

(2)     pain, suffering, and physical and emotional distress; and

(3)     embarrassment, humiliation, and loss of reputation.

Some of these damages are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the Plaintiffs for their injuries.

In addition, if you find that one or more Defendants unlawfully discriminated against Plaintiffs, then they have been deprived of valuable federally protected civil rights of being free from unlawful discrimination. The loss of a federally protected civil right is considered so valuable that damages may be presumed. You may award damages for each Plaintiff's loss of federally protected rights even if you find that a Plaintiff has not otherwise proven any other compensable losses. While the precise value of such rights is hard to quantify, you may provide an amount of damages that you believe is appropriate to compensate for any deprivation of that right found from the evidence.

Authority: *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Marable v. Walker*, 704 f2d 1219, 1220-21 (11th Cir 1983); *Secretary, U.S. Dept. of Housing and Urban Development, on behalf of Herron v. Blackwell*, 908 F.2d 864, 872-73 (11th Cir. 1990);

*Banai v. Sec'y, U.S. Dep't of Hous. & Urban Dev. On Behalf Of Times*, 102 F.3d 1203, 1207 (11th Cir. 1997); *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977); *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977).

Defendants' Proposed Jury Instruction No. 24

## COMPENSATORY DAMAGES – INDIVIDUAL PLAINTIFFS

If you find that Plaintiffs Janet Jackson, R.L., Leann Carr, N.N., Brenda Hill-Bluntson, have proved each element they must prove as to each Defendant, and that each Defendants has not proved any affirmative defense, you must consider the issue of each Plaintiffs' compensatory damages. When considering the issue of Plaintiff's compensatory damages, you should determine what amount, if any, has been proven by Plaintiffs by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiffs' damages as a result of each Defendants' discriminatory acts, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendants.

Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Plaintiffs have proved them by a preponderance of the evidence, and no others:

(a)  net economic damages to the date of your verdict; and

(b)  emotional pain and mental anguish.

To determine the amount of Plaintiff's net economic damages, you should consider evidence of actual identifiable amounts lost and the monetary value of any benefits she lost.

To determine whether and how much Plaintiff should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury — tangible and intangible. Plaintiffs do not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate them for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

Authority: Eleventh Circuit Pattern Jury Instruction 4.12 (2013) (modified)

Plaintiffs and Defendants' Proposed Jury Instruction No. 25

## PUNITIVE DAMAGES [5&6]

Plaintiffs also claim that the acts of the Defendants were done with malice or reckless indifference to the Plaintiffs' rights under the Fair Housing Act so as to entitle Plaintiffs to an award of punitive damages in addition to compensatory damages. If you find that a Defendant did act with malice or reckless indifference to a Plaintiff's rights under the Fair Housing Act, the law would allow you, in your discretion, to assess punitive damages to that Plaintiff and against that Defendant as punishment and as a deterrent to others.

You may assess punitive damages if you find that any defendant or agent of a defendant employees discriminated with malice or reckless indifference.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiffs in the case and for only that conduct. For example, you cannot assess punitive damages for a Defendant being a distasteful individual or business. Punitive damages are meant to punish a Defendant for their conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendants for the actions taken in this particular case.

If you find that punitive damages should be assessed against any Defendant, you may consider the financial resources of that Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or in favor of one or more of the Plaintiffs, and not others, or against more than one Defendant in different

---

[5] Defendant Emanuel Management Services, LLC does not object to the form of this jury instruction; however, Defendant objects to Plaintiffs' entitlement to give this jury instruction as to Emanuel Management Services, LLC.
[6] If this punitive damages instruction is given, Defendants Sonoma Bay Homeowners Association, Inc., Marsh Harbour Maintenance Association, Inc., Prestige Quality Management, LLC, Jeanne Kulick, James Nyquist, and Kimberly Jackson request an additional instruction that the Plaintiffs must prove entitlement to punitive damages with clear and convincing evidence.

amounts or in favor of one or more of the Plaintiffs in different amounts.

Authority:  Eleventh Circuit Pattern Instructions (2013), Supplemental Damages Instructions 4.2 (modified for multiple defendants and multiple plaintiffs); *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Miller v. Kenworth of Dothan, Inc.*,  277 F.3d 1269 (11th Cir. 2002); *Howell v. Compass Group*, Nos. 10-11487, 10-11686, 2011 WL 5903532 (11th Cir. November 22, 2011).

Defendants' Proposed Jury Instruction No. 26

**PLAINTIFFS' DUTY TO MITIGATE DAMAGES[7]**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages.

If you find that Defendants proved by a preponderance of the evidence that Plaintiffs failed to mitigate damages, then you should reduce the amount of Plaintiffs' damages by the amount that could have been reasonably realized if Plaintiff had mitigated their damages.

Authority: Eleventh Circuit Pattern Jury Instruction 4.12 (2013) (modified)

---

[7] Plaintiffs object to the inclusion of this proposed jury instruction and it is therefore submitted solely by Defendants.

Plaintiffs and Defendants' Proposed Jury Instruction No. 27

**DUTY TO DELIBERATE**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Instructions (2013), 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Plaintiffs and Defendants' Proposed Jury Instruction No. 28

**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORMS**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Eleventh Circuit Pattern Instructions (2013), 3.9 Election of Foreperson Explanation of Verdict Form[s]