**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.: 9:14-cv-80667-RLR

THE FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.

        Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC., et al.

        Defendants.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**CITY OF RIVIERA BEACH YOUTH PROTECTION ORDINANCE**

As it relates to this case, the relevant portions of the City of Riviera Beach Youth Protection Ordinance are as follows:

Sec. 12-111. - Findings/purposes.

The City Council of the City of Riviera Beach finds as follows:

(1) Reducing juvenile crime and victimization, while promoting juvenile safety and well-being, is a matter of compelling governmental interest.

(2) The general inability of children to make critical decisions in an informed, mature manner also exposes them to influences which lead to their committing crimes. Children perceive even less risk of apprehension if they commit crimes at night. This is compounded because children often see no real risk of being or in being punished for a crime.

(3) Juvenile crime brings adverse consequences to the youth of the city in the form of decreased school performance, increased school dropout rates, criminal records, and diminished opportunity at worthwhile future employment.

(4) The city has an interest in the protection of minors from adults and from each other on the street during nighttime hours and is obligated to act in a positive manner for the safety and welfare of the juveniles of the city.

(5) A narrowly tailored ordinance that imposes reasonable time, place and manner restrictions upon minors in an effort to reduce juvenile crime and victimization, without unduly limiting the free exercise of religion, freedom of speech, and the right of assembly secured to all citizens by the United States and Florida Constitutions, is in the best interest of the public health, safety and general welfare of the citizens of Riviera Beach.

(Ord. No. 3032, § 2, 10-3-07)

Sec. 12-112. - Definitions.

For the purposes of this article, certain words and phrases are defined as indicated herein. Words in the present tense include the future, the singular includes the plural and the plural the singular; the words "shall", "will" and "must" are mandatory, and the word "may" is permissive.

Chief of police means and includes the city's chief of police and any sworn law enforcement office under the direction of the chief of police.

Direct route means the shortest path of travel through a public place to reach a final destination without any detour or stop along the way.

Emergency means, but is not limited to, a fire, a natural disaster, an automobile accident, or any situation requiring immediate action to prevent serious bodily injury or loss of life.

Holding location means child protection center, to which a minor taken into custody for a violation of this article, will be delivered to await pick up by a parent or juvenile authorities.

Minor means any person under 18 years of age, who is not married and has not been adjudicated an adult.

Operator means any individual, firm, association, partnership, or corporation operating, managing, or conducting any establishment. The term includes the members or partners of any association or partnership and the officers of a corporation.

Parent means a person who is:

(1)  A natural or adoptive parent of another person;

(2)  A court-appointed guardian of another person; or

(3)  At least 21 years of age and authorized by a parent or court-appointed guardian to have the care and custody of another person.

Public place means any street, alley, highway, sidewalk, playground, park, plaza, building, any property owned by or controlled by the City of Riviera Beach, or other place used by or open to the public.

Remain means to:

(1)  Linger or stay unnecessarily; or

(2)  Fail to leave premises when requested to do so by a police officer or the owner, operator, or other person in control of the premises.

Restricted hours means:

(1)  The hours between 11:00 p.m. and 6:00 a.m., Sunday through Thursday.

(2)  The hours between 12:01 a.m. and 6:00 a.m., Friday and Saturday.

(3)  The hours between 12:01 a.m. and 6:00 a.m. on legal holidays.

Semi-public place means any privately-owned or privately-operated real property (including any structure thereon) to which the general public is invited or has a legal right of access and right to resort for business, recreation, entertainment or other lawful purpose, including, but not limited to, any store, shop, restaurant, theater, shopping center, bowling alley, parking lot, alley, or road. "Semi-public place" shall also mean any vacant lot, or any vacant or abandoned building.

Swale means the low tract of land in front of or between houses often used for drainage.

(Ord. No. 3032, § 2, 10-3-07)

Sec. 12-113. - Violation by minor.

It is a violation of this article for any minor to remain, linger, stay, congregate, move about, wander, or stroll in any public or semi-public place in the city, either on foot or in or upon any vehicle, during restricted hours.

(Ord. No. 3032, § 2, 10-3-07)

**CITY OF RIVIERA BEACH ORDINANCE ON LOITERING OR PROWLING**

As it relates to this case, the City of Riviera Beach Ordinance on Loitering or Prowling states as follows:

Sec. 12-13. - Loitering or prowling.

(a) It shall be unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety or persons or property in the vicinity. Any such person who, when questioned by a police officer, fails to give a legitimate reason for his presence and conduct sufficient to dispel any alarm or immediate concern shall be deemed in violation of this section.

(b) It shall be unlawful for any person to loiter in a public place in a manner and under circumstances manifesting the purpose of illegally using, possessing, transferring or selling any controlled substance as that term is defined in F.S. § 893.02. Among the circumstances which may be considered in determining whether such a purpose is manifested are:

   (1) The person is a known illegal user, possessor or seller of controlled substances, or the person is at a location frequented by persons who illegally use, possess, transfer or sell controlled substances; and

   (2) The person repeatedly beckons to, stops, attempts to stop or engage in conversation with passersby, whether such passersby are on foot or in a motor vehicle, for the purpose of inducing, enticing, soliciting or procuring another to illegally possess, transfer or buy any controlled substance; or

   (3) The person repeatedly passes to or receives from passersby, whether such passersby are on foot or in a motor vehicle, money, objects or written material for the purpose of inducing, enticing, soliciting or procuring another to illegally possess, transfer or buy any controlled substance.

In order for there to be a violation of this subsection, the person's affirmative language or conduct must be such as to demonstrate by its express or implied content or appearance a specific intent to induce, entice, solicit or procure another to illegally possess, transfer or buy a controlled substance. No arrests shall be made for a violation of this subsection unless the arresting officer first affords the person an opportunity to explain his conduct, and no one shall be convicted of violating this subsection if it appears at trial that the explanation given was true and disclosed a lawful purpose. For the purpose of this section, a "known illegal user, possessor or seller of controlled substances" is a person who, within one year previous to the date of arrest for violation of this section, has, within the knowledge of the arresting officer, been convicted of illegally manufacturing, using, possessing, selling, purchasing or delivering any controlled substance. Any person who violates any of the provisions of this section shall, upon conviction, be punished as provided for in section 12-1.

(Code 1957, § 13-13)

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 8th day of October, 2015, we electronically filed the foregoing with the Clerk of Court using the CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

**COLE, SCOTT & KISSANE, P.A.**
Attorneys for Defendants Sonoma Bay Community Association, Inc.; Marsh Harbour Maintenance Association, Inc.; Prestige Quality Management; Jeanne Kulick; Kimberly Jackson; and James Nyquist
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
Primary e-mail: julia.kornfield@csklegal.com
2nd e-mail: linda.cohen@csklegal.com
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By:  /s/ JULIA D. KORNFIELD
**BARRY A. POSTMAN, ESQ.**
FBN: 991856
**RON M. CAMPBELL, ESQ.**
FBN: 827061
**JULIA D. KORNFIELD, ESQ.**
FBN: 044381

RMC/JDK

**SERVICE LIST**

**THE FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.**

**Cyrus Mehri, Esq.**
**Pia M. Winston, Esq**.
Mehri & Skalet, PLLC
1250 Connecticut Avenue, N.W.
Suite 300
Washington, D.C. 20036
202-822-5100
cmehri@findjustice.com
pwinston@findjustice.com

**Ayesa Phillips, Esq.**
Ford & Phillips, P.L.
2700 N. 29th Avenue, Suite 105
Hollywood, FL 33020
561-383-9200
Ayesa.fplaw@yahoo.com

**Neil L. Henrichsen, Esq.**
Henrichsen Siegal, P.L.L.C.
1648 Osceola Street
Jacksonville, FL 32204
nhenrichsen@hslawyers.com

**Jonathan Merrigan**
14346 Horseshoe Trace
Wellington, FL 33414
Email:  JMERRIGAN11@YAHOO.COM

**EMANUEL MANAGEMENT SERVICES, LLC**
James S. Parker, Esq.
Kyle T. Berglin, Esq.
Boyd Richards Parker & Colonnelli, P.L.
100 S.E. Second St, Suite 2600
Miami, FL  33131
(786) 425-1045
JParker@boydlawgroup.com
kberglin@boydlawgroup.com