~~UNITED STATES DISTRICT COURT~~
~~SOUTHERN DISTRICT OF FLORIDA~~
~~WEST PALM BEACH DIVISION~~

~~Case No.: 9:14-cv-80667-RLR~~

THE FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.

Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC., et al.

Defendants.

*Charge Conference Draft*

~~**PLAINTIFFS AND DEFENDANTS' SECOND AMENDED PROPOSED JURY INSTRUCTIONS**[1]~~

---

[1] ~~Plaintiffs and Defendants submit the following proposed jury instructions, some of which they agree upon. Those instructions that the parties do not agree on have been separated for the Court's review and determination.~~

1

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 16~~

**~~INTRODUCTION~~**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:14-cv-80667-RLR

THE FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.

Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC., et al.

Defendants.

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

~~Eleventh Circuit Pattern Instructions (2013), 3.1 Introduction~~

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 9~~

## DUTY TO FOLLOW INSTRUCTIONS

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that Homeowners Associations or other corporations are involved as parties must not affect your decision in any way. Homeowners Associations, other corporations and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a Homeowners Association or other corporation is involved, of course, it may only act through people as its employees or agents. A Homeowners Association or other corporation is responsible under the law for any of the acts and statements of its employees or agents that are made within the scope of their duties.

~~Eleventh Circuit Pattern Instructions (2013), 3.2.2 The Duty to Follow Instructions – Corporate Party Involved (modified)~~

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 10~~

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE
## ARGUMENT OF COUNSEL
## COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

~~Eleventh Circuit Pattern Instructions (2013), 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court~~

Plaintiffs and Defendants' Proposed Jury Instruction No. 11

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Instructions (2013), 3.4 Credibility of Witnesses

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 12~~

### IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

~~Eleventh Circuit Pattern Instructions (2013), 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements~~

Plaintiffs' and Defendants' Proposed Jury Instruction No. 13

## EXPERT WITNESS

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Eleventh Circuit Pattern Instructions (2013), 3.6.1 Expert Witness

Plaintiffs' Proposed Jury Instruction No. 14

## RESPONSIBILITY FOR PROOF – PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately. You may find in favor of one or more of the Plaintiffs, and not others, or against one or more of the Defendants, and not others.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

D.E. 416, D.E. 419, Eleventh Circuit Pattern Instructions (2013), 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

Defendants' Proposed Jury Instruction No. 14

### RESPONSIBILITY FOR PROOF—PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."  Each Plaintiff carries a separate "burden of proof" or "burden of persuasion" for their respective claims, and proof of a claim by one Plaintiff against one Defendant is not necessarily proof of any other Plaintiff's claims against any other Defendant.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against that particular Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

Plaintiffs have each brought two claims against multiple defendants. You must consider each Plaintiff's claim against each Defendant and the evidence relative to each claim separately and individually.  If you find one Defendant liable to one Plaintiff, that must not affect your verdict for any other Defendant as to any other Plaintiff.

Eleventh Circuit Pattern Instructions (2013), 3.7.1 Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims—Preponderance of the Evidence (modified)

9

Plaintiffs and Defendants' Proposed Jury Instruction No. 15

## RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE

In this case, the Defendants assert numerous affirmative defense[s]. Even if the Plaintiffs prove their claims by a preponderance of the evidence, a Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately and for only the Defendant that asserts it.

I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if a Defendant raises an affirmative defense, the only way a Defendant can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Eleventh Circuit Pattern Instructions (2013), 3.7.2 Responsibility for Proof — Affirmative Defense Preponderance of the Evidence (modified)

Plaintiffs' Proposed Jury Instruction No. 17

## THE FEDERAL STATUTES DEFINING THE CLAIMS

I shall now instruct you on the specific federal law relating to housing discrimination on the basis of familial status. The individual Plaintiffs and Fair Housing Center are suing Defendants under the Fair Housing Act.

The purpose of the federal Fair Housing Act is to eliminate all traces of discrimination within the housing market. The Fair Housing Act provides, in relevant part, that it shall be unlawful:

    (1)    To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status; or

    (2)    To make, print, or publish, or cause to be made, printed, or published any notice, or statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status or an intention to make any such preference, limitation, or discrimination.

Each of these acts is a separate and independent violation of the Fair Housing Act. Discrimination based on familial status includes discrimination against children or families with children such as by making their application process more difficult, making the terms, conditions, or privileges of their living in the community different than families without children or singling children out in an adverse way. Plaintiffs, at a minimum, have established a prima facie case of intentional discrimination with the restrictions placed on children regarding the Curfew and Loitering rules at Sonoma Bay and Marsh Harbour. [D.E. 358] at 9, 14.

As I previously instructed you, corporations may only act through people as their officers, directors, agents, or employees. Thus, a corporation is liable or legally responsible under the Fair Housing Act for the unlawful actions it takes by its officers, directors, agents, or employees while those individuals were acting within the scope of their authority or duties or employment.

~~Authority: 42 U.S.C. §§ 3602(k), 3604; *Marr v. Rife*, 503 F.2d 735, 741 (6th Cir. 1974); *United States v. Hunter* at 218; *United States v. L & H Land Corp.*, 407 F. Supp. 576, 579 (S.D. Fla. 1976); *United States v. City of Parma*, 494 F. Supp. 1049, 1095 (N.D. Ohio 1980); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n*, 3 F.3d 1472, 1477 (11th Cir 1993); *Reese v. Miami-Dade County*, 242 F. Supp. 2d 1292, 1302 (S.D. Fla. 2002).~~

Defendants' Proposed Jury Instruction No. 17

## THE FEDERAL STATUTES DEFINING THE CLAIMS

I shall now instruct you on the specific federal law relating to housing discrimination on the basis of familial status. The individual Plaintiffs and Fair Housing Center are suing Defendants under the Fair Housing Act. The purpose of the federal Fair Housing Act is to eliminate all traces of discrimination within the housing market. The Fair Housing Act provides, in relevant part, that it shall be unlawful:÷

(1)     To discriminate against any person in the <u>terms, conditions, or privileges of sale or rental of a dwelling, or in the</u> provision of services or facilities in connection therewith, because of familial status; or

(2)     To make, print, or publish, or cause to be made, printed, or published any notice, or statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status  or an intention to make any such preference, limitation, or discrimination.

Each of these acts is a separate and independent violation of the Fair Housing Act. <u>"Familial status," as used in the Fair Housing Act, means one or more individuals who have not attained the age of 18 years living with a parent or legal guardian.</u> ~~Discrimination based on familial status includes discrimination against children or families with children such as denying or making housing unavailable to families with children, making the terms, conditions, or privileges of their living in the community different than families without children or singling children out in an adverse way.~~

As I previously instructed you, corporations may only act through people as their officers, directors, agents, or employees. Thus, a corporation is liable or legally responsible under the Fair Housing Act for the unlawful actions it takes by its officers, directors, agents, or

employees while those individuals were acting within the scope of their authority or duties or employment.

Furthermore, Plaintiffs have also brought claims against individuals who they claim acted unlawfully in violation of the Fair Housing Act. These individuals can be held liable for violating the Fair Housing Act <u>only</u> if you find, by a preponderance of the evidence, that the particular individual personally <u>committed or contributed to a Fair Housing Act violation.</u> ~~engaged in conduct prohibited by the law as hereinafter described. The fact that a particular individual was acting within the scope of his or her authority or duties of employment does not relieve that individual from liability if he or she, in fact, personally engaged in the unlawful conduct.~~

~~However, this principal does not mean that an employee or agent is liable because his employer or principle violates the Fair Housing Act. Rather, you must find that each Defendant actually committed a discriminatory housing practice in order to impose liability on that Defendant. Additionally, in order to succeed on its claims against each Defendant, each Plaintiff must individually and separately prove their claim.~~

~~Authority: [D.E. 359 at Page 5]; 42 U.S.C. §§ 3602(k), 3604; *Marr v. Rife*, 503 F.2d 735, 741 (6th Cir. 1974); *United States v. Hunter* at 218; *United States v. L & H Land Corp.*, 407 F. Supp. 576, 579 (S.D. Fla. 1976); *United States v. City of Parma*, 494 F. Supp. 1049, 1095 (N.D. Ohio 1980); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n*, 3 F.3d 1472, 1477 (11th Cir 1993); *Reese v. Miami-Dade County*, 242 F. Supp. 2d 1292, 1302 (S.D. Fla. 2002); *Sabal Palm Condominium of Palm Island Ridge Ass'n, Inc. v. Fischer*, 6 F. Supp. 3d 1272 (S.D. Fla. 2014)~~

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 17a~~

## STATUTE OF LIMITATIONS

The Plaintiffs filed their lawsuit. The Plaintiffs filed this lawsuit against the Defendants at different times. Accordingly:

- The Plaintiffs cannot recover against Sonoma Bay for acts occurring before October 28, 2011.
- The Plaintiffs cannot recover against Jeanne Kulick for acts occurring before February 2, 2012.
- The Plaintiffs cannot recover against Prestige Quality Management for acts occurring before May 20, 2012.
- The Plaintiffs cannot recover against Marsh Harbor for acts occurring before May 20, 2012.
- The Plaintiffs cannot recover against Kimberly Jackson for acts occurring before August 25, 2012.
- The Plaintiffs cannot recover against James Nyquist for acts occurring before November 3, 2012.

~~Authority: 42 U.S.C. § 3613(a)(1)(A), (B); Fla. Stat. § 760.35(1).~~

~~Plaintiffs' and Defendants' Proposed Jury Instruction No. 18~~

## INTENTIONAL DISCRIMINATION

You must find in favor of Plaintiffs on their claims that Defendants (1) made unavailable, discouraged or denied a dwelling to Plaintiffs because of familial status, and/or (2) discriminated against Plaintiffs in the provision of services or facilities in connection with the rental of housing because of familial status if you find that Plaintiffs have established:

(1)     that the fact families with children in their households was a motivating factor in Defendants' imposing different rules, regulations or conditions on those families;

or

(2)     that the fact families with children in their households was a motivating factor in Defendants' actions that made the availability of housing more difficult

The fact that Plaintiffs had children in their households does not need to be the sole factor, or even the main factor, for Defendants' actions. If you find that the Plaintiff has not proven by a preponderance of the evidence that the Plaintiffs' familial status was a motivating factor in making housing unavailable, or providing the Plaintiffs with different terms, conditions, or privileges for the rental of housing, then you must find in favor of the Defendant.

~~Authority: 42 U.S.C. § 3604; *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-101 (2003); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977); *United States v. Pelzer Realty Co., Inc.*, 484 F.2d 438, 443 (5th Cir. 1973).~~

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 19~~

## DISCRIMINATORY STATEMENTS

It is a separate violation of the federal Fair Housing Act to make, or cause to be made, any statement with respect to the rental of housing that indicates any preference, limitation, or discrimination based on familial status, or any statement that indicates an intention to make such preference, limitation, or discrimination.

You are to determine how an ordinary listener or reader would have interpreted the oral and written statements, not what the Defendant meant by the oral and written statements.  If you find that an ordinary listener or reader would interpret an oral and written statement or statements made by the Defendant to express any preference, limitation, or  discrimination based on families with children, you must find that the Defendant violated § 3604(c) of the Fair Housing Act.

The Fair Housing Act prohibits discriminatory statements whether or not the Defendant intended to express a preference or limitation on the basis of familial status.  In addition, the statement or statements do not have to be discriminatory on their face in order to express a preference, limitation, or discrimination based on familial status.[2]

~~Authority:  42 U.S.C. § 3604(c); *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972); *White v. U.S. Dep't of Hous. & Urban Dev.*, 475 F.3d 898, 905-907 (7th Cir. 2007); *Jancik v. Dep't of Hous. and Urban Dev.*, 44 F.3d 553, 556 (7th Cir. 1995); *Soules v. U.S. Dep't of Hous. and Urban Dev.*, 967 F.2d 817, 824-25 (2d Cir. 1992); *Ragin v. New York Times Co.*, 923 F.2d 995, 1000 (2d Cir. 1991); *Sec'y, Dept. of Hous. & Urban Dev., on Behalf of Herron v. Blackwell*, 908 F.2d 864, 872 (11th Cir. 1990).~~

---

[2] ~~Defendants would like the following added: "However, if you find that the statements were made in good faith, and for legitimate non-discriminatory business reasons, then you should find the Plaintiff is not entitled to relief." Plaintiffs object to this addition.~~

Plaintiffs' Proposed Jury Instruction No. 20

### SPOLIATION[3]

Plaintiffs contend that Defendant Sonoma Bay Homeowners Association at one time possessed monthly newsletters and complete application forms including, but not limited to, report cards obtained from children. However, Defendant contend that evidence was not destroyed. You may assume that such evidence would have been unfavorable to Defendant Sonoma Bay Homeowners Association only if you find by a preponderance of the evidence that: (1) Defendant Sonoma Bay Homeowners Association intentionally destroyed the evidence or caused the evidence to be destroyed; and (2) Defendant Sonoma Bay Homeowners Association destroyed the evidence or caused the evidence to be destroyed in bad faith.

Authority: 7th Circuit Pattern Instruction 1.20 Spoliation/Destruction of Evidence (modified); *Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997).

---

[3] Defendants object to the inclusion of this proposed jury instruction and it is therefore submitted solely by Plaintiffs.

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 21~~

**PLAINTIFF FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.**

One of the Plaintiffs in this case is a non-profit membership organization, the Fair Housing Center of the Greater Palm Beaches, Inc.  Such an organization is permitted to bring suit under the Fair Housing Act on its own behalf for any diversion of its resources and/or frustration of its mission to carry out its efforts to assure equal access to housing and to eliminate unlawful housing discrimination.

~~Authority: *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).~~

Plaintiffs' Proposed Jury Instruction No. 22

## COMPENSATORY DAMAGES – FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.

For Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., if you find that Defendants violated the federal Fair Housing Act you must determine an amount that is fair compensation for its damages caused by the acts of Defendants Sonoma Bay Homeowners Association, Emanuel Management Services Inc., Jeanne Kulick, and James Nyquist, "Sonoma Bay Defendants" as well as Marsh Harbour Maintenance Association, Prestige Quality Management, James Nyquist, and Kimberly Jackson, "Marsh Harbour Defendants".

In awarding damages to Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you should award such actual or compensatory damages as you find from a preponderance of the evidence were proximately caused by the acts of the Defendants. In determining such damages, you shall consider that Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., is entitled to be compensated for:

(1)     the effect of diverting its resources away from its other programs and activities in order to investigate the Defendants' unlawful conduct; and

(2)     the damage to its mission and purpose such as for education, outreach, training, monitoring and other efforts to rectify the harm caused to the community.

In determining the amount to award Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you may consider the amount necessary to fully counteract Defendants' wrongdoing.

Authority: D.E. 414, *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 29-31 (D.C. Cir. 1990); *Saunders v. General Services Corp.*, 659 F. Supp. 1042, 1060-61 (E.D. Va. 1987); *Davis v. Mansards*, 597 F. Supp. 334, 348 (N.D. Ind. 1984).

~~Defendants' Proposed Jury Instruction No. 22 and 23~~

## COMPENSATORY DAMAGES – FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.

~~If you find that Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc. has proved each element they must prove as to each Defendant, and that each Defendants has not proved any affirmative defense, you must consider the issue of each Plaintiffs' compensatory damages.~~ When considering the issue of Plaintiff's compensatory damages, you should determine what amount, if any, has been proven by Plaintiffs by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiff's damages as a result of each Defendants' discriminatory acts, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendants.

Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that The Fair Housing Center has proved them by a preponderance of the evidence, and no others:

    (1)    the effect of diverting its resources away from its other programs and activities in order to investigate the Defendants' unlawful conduct; and

    (2)    the damage to its mission and purpose, in other words, the costs expended rectifying the alleged damage done by the Defendants.

In determining the amount to award Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you may consider the amount necessary to fully counteract Defendants' wrongdoing.

~~Although a fair housing organization may recover damages based on frustration of mission and diversion of resources, there must be evidence directly tying these damages to a defendant's alleged wrongdoing. Absent evidence that the fair housing organization diverted its resources in response to specific wrongdoing by a particular defendant, there is no legal basis for~~

~~imposing liability on that defendant.~~

~~Authority: Miami Valley Fair Hous. Ctr., Inc. v. Connor Group, 3:10-CV-83, 2015 WL 853193, at *4 (S.D. Ohio 2015) reconsideration denied, 3:10-CV-83, 2015 WL 4474854, at *3-5 (S.D. Ohio 2015); Havens Realty Corp,. v. Coleman, 455 U.S. 363, 379 (1982); Spann v. Colonial Vill., Inc., 899 F.2d 24, 29-31 (D.C. Cir. 1990); Saunders v. General Services Corp., 659 F. Supp. 1042, 1060-61 (E.D. Va. 1987); Davis v. Mansards, 597 F. Supp. 334, 348 (N.D. Ind. 1984); Fair Hous. Council of Suburban Philadelphia v. Montgomery Newspapers, 141 F.3d 71, 77-78 (3d Cir. 1998) and Equal Rights Ctr. v. Post Properties, Inc., 633 F.3d 1136, 1141-42 (D.C. Cir. 2011).~~

Plaintiffs' Proposed Jury Instruction No. 24

## COMPENSATORY DAMAGES – INDIVIDUAL PLAINTIFFS

For Plaintiffs Janet Jackson, R.L., Leann Carr, N.N., Heather Abrams, Brenda Hill-Bluntson, if you find that Defendants violated the federal Fair Housing Act you must determine an amount that is fair compensation for their damages caused by the acts of Defendants Sonoma Bay Homeowners Association. Jeanne Kulick, James Nyquist, Emanuel Management Services, LLC.

For Plaintiffs Golda Muselaire, I.M., A.M., Z.M., Meghan Gardner, J.G., M.J.G., M.R.G. and Ta'Jenae Williams, if you find that Defendants Marsh Harbour Homeowners Association, Prestige Quality Management, LLC, James Nyquist and Kimberly Jackson violated Plaintiffs' rights under the Fair Housing Act, then you must determine an amount that is fair compensation for damages caused by the acts of those Defendants as well.

The amounts that are fair compensation for Plaintiffs' damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole – that is, to compensate Plaintiffs for the damage that the Plaintiffs have suffered.

General compensatory damages and actual compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injuries. For the claims Plaintiffs prevail on, they are entitled to compensatory damages. The Plaintiffs need not prove a specific loss to recover general compensatory damages. The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less.

When awarding compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the Plaintiffs whole, or to restore them to the positions they would have been in if the discrimination had not happened.

In addition to general compensatory damages, you should consider the following elements of actual compensatory damages; to the extent you find that the Plaintiffs have established such damages:

(1)    financial losses;

(2)    pain, suffering, and physical and emotional distress; and

(3)    embarrassment, humiliation, and loss of reputation.

Some of these damages are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the Plaintiffs for their injuries.

In addition, if you find that one or more Defendants unlawfully discriminated against Plaintiffs, then they have been deprived of valuable federally protected civil rights of being free from unlawful discrimination. The loss of a federally protected civil right is considered so valuable that damages may be presumed. You may award damages for each Plaintiff's loss of federally protected rights even if you find that a Plaintiff has not otherwise proven any other compensable losses. While the precise value of such rights is hard to quantify, you may provide an amount of damages that you believe is appropriate to compensate for any deprivation of that right found from the evidence.

Authority: D.E. 416, *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Marable v. Walker*, 704 f2d 1219, 1220-21 (11th Cir 1983); *Secretary, U.S. Dept. of Housing and Urban Development, on behalf of Herron v. Blackwell*, 908 F.2d 864, 872-73 (11th

Cir. 1990); ~~*Banai v. Sec'y, U.S. Dep't of Hous. & Urban Dev. On Behalf Of Times*, 102 F.3d 1203, 1207 (11th Cir. 1997); *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977); *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977).~~

~~Defendants' Proposed Jury Instruction No. 24~~

## COMPENSATORY DAMAGES – INDIVIDUAL PLAINTIFFS

~~If you find that Plaintiffs Janet Jackson, R.L., Leann Carr, N.N., Brenda Hill-Bluntson, have proved each element they must prove as to each Defendant, and that each Defendants has not proved any affirmative defense, you must consider the issue of each Plaintiffs' compensatory damages.~~ When considering the issue of Plaintiff's compensatory damages, you should determine what amount, if any, has been proven by Plaintiffs by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiffs' damages as a result of each Defendants' discriminatory acts, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendants.

Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Plaintiffs have proved them by a preponderance of the evidence, and no others:

(a)   net economic damages to the date of your verdict; and

(b)   emotional pain and mental anguish.

To determine the amount of Plaintiff's net economic damages, you should consider evidence of actual identifiable amounts lost and the monetary value of any benefits she lost.

To determine whether and how much Plaintiff should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury — tangible and intangible. Plaintiffs do not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate them for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

~~Authority: Eleventh Circuit Pattern Jury Instruction 4.12 (2013) (modified)~~

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 25~~

## PUNITIVE DAMAGES [4&5]

Plaintiffs also claim that the acts of the Defendants were done with malice or reckless indifference to the Plaintiffs' rights under the Fair Housing Act so as to entitle Plaintiffs to an award of punitive damages in addition to compensatory damages. If you find that a Defendant did act with malice or reckless indifference to a Plaintiff's rights under the Fair Housing Act, the law would allow you, in your discretion, to assess punitive damages to that Plaintiff and against that Defendant as punishment and as a deterrent to others.

You may assess punitive damages if you find that any defendant or agent of a defendant employees discriminated with malice or reckless indifference.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiffs in the case and for only that conduct. For example, you cannot assess punitive damages for a Defendant being a distasteful individual or business. Punitive damages are meant to punish a Defendant for their conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendants for the actions taken in this particular case.

If you find that punitive damages should be assessed against any Defendant, you may consider the financial resources of that Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or in favor of one or more of the Plaintiffs, and not others, or against more than one Defendant in different

---

[4] ~~Defendant Emanuel Management Services, LLC does not object to the form of this jury instruction; however, Defendant objects to Plaintiffs' entitlement to give this jury instruction as to Emanuel Management Services, LLC.~~
[5] ~~If this punitive damages instruction is given, Defendants Sonoma Bay Homeowners Association, Inc., Marsh Harbour Maintenance Association, Inc., Prestige Quality Management, LLC, Jeanne Kulick, James Nyquist, and Kimberly Jackson request an additional instruction that the Plaintiffs must prove entitlement to punitive damages with clear and convincing evidence.~~

amounts or in favor of one or more of the Plaintiffs in different amounts.

Authority: Eleventh Circuit Pattern Instructions (2013), Supplemental Damages Instructions 4.2 (modified for multiple defendants and multiple plaintiffs); *Whyte v. Alston Mgmt.*, 2012 U.S. Dist. LEXIS 190423 (S.D. Fla. Apr. 10, 2012); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269 (11th Cir. 2002); *Howell v. Compass Group*, Nos. 10-11487, 10-11686, 2011 WL 5903532 (11th Cir. November 22, 2011).

 Defendants' Proposed Jury Instruction No. 26

**PLAINTIFFS' DUTY TO MITIGATE DAMAGES**[6]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages.

If you find that Defendants proved by a preponderance of the evidence that Plaintiffs failed to mitigate damages, then you should reduce the amount of Plaintiffs' damages by the amount that could have been reasonably realized if Plaintiff had mitigated their damages.

Authority: Eleventh Circuit Pattern Jury Instruction 4.12 (2013) (modified)

[6] Plaintiffs object to the inclusion of this proposed jury instruction and it is therefore submitted solely by Defendants.

Plaintiffs and Defendants' Proposed Jury Instruction No. 27

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Instructions (2013), 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

~~Plaintiffs and Defendants' Proposed Jury Instruction No. 28~~

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORMS

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

~~Eleventh Circuit Pattern Instructions (2013), 3.9 Election of Foreperson Explanation of Verdict Form[s]~~

Respectfully Submitted October 21, 2015        /s/ Ayesa Phillips

Ayesa Phillips, Bar. # 100955
Ford & Phillips, P.L.
2700 N. 29th Avenue, Suite 105
Hollywood, FL 33020
Telephone: (954) 639-7197
Facsimile: (954) 639-7267
ayesa.fplaw@yahoo.com

Cyrus Mehri (*pro hac vice*)
Pia M. Winston (*pro hac vice*)
Mehri & Skalet, PLLC
1250 Connecticut Ave. NW, Suite 300
Washington, DC 20002
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
cyrus@findjustice.com
pwinston@findjustice.com

Neil L. Henrichsen, Esq.
Henrichsen Siegel, P.L.L.C.
1648 Osceola Street
Jacksonville, FL 32204
904.381.8183
904.212.2800 (fax)
nhenrichsen@hslawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Proposed Jury Instruction was served by electronic case file (ECF) or U.S. Mail on this 21st day of October, 2015, on all counsel or parties of record on the service list.

Julia D. Kornfield, Esq.
Cole, Scott & Kissane, PA
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, FL 33401
Julie.Kornfield@csklegal.com
*Counsel for Sonoma Bay Community Homeowners Association, Inc.,*
*Marsh Harbour Maintenance Association, Inc.,*
*Prestige Quality Management, LLC,*
*Jeanne Kulick, and*
*Kimberly Jackson*

Kyle T. Berglin, Esq.
Boyd Richards Parker & Colonnelli, P.L.
100 S.E. Second Street—Suite 2600
Miami, Florida 33131
kberglin@boydlawgroup.com
*Counsel for Emanuel Management Services, LLC*


By:  /s/ _____
Ayesa Phillips, Esq.
Florida Bar No.: 100955