UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80667-ROSENBERG/BRANNON

FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC. *et al.*,

    Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC. *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR DEFAULT FINAL JUDGMENT

**THIS MATTER** is before the Court upon Plaintiffs' Motion for Default Final Judgment Against Defendant Jonathan Merrigan [DE 410]. The Court has carefully reviewed Plaintiffs' Motion and the entire record and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

On July 13, 2015, a Clerk's Default [DE 236] was entered against Merrigan. "A defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact.' The defendant, however, 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *3 (S.D. Fla. Oct. 20, 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Merrigan is deemed to have admitted the following facts alleged in Plaintiffs' Second Amended Complaint [DE 93]: Merrigan was the listing agent for the purposes of renting the dwelling unit at 1915 Hibiscus Lane, Riviera Beach, Florida 33404, located in the Sonoma Bay condominium development. *See* DE 93 ¶ 37. In March of 2013, the Fair Housing Center of the

1

Greater Palm Beaches, Inc. discovered several advertisements listing that unit as available for rent. *See id.* ¶ 59. Each listing encouraged the applicant to contact Merrigan for information regarding the unit. *See id.* One advertisement, posted on Craigslist, included the heading "HOME OWNERS ASSOCIATION REQUIREMENTS," and listed "report cards for children under 18" as a requirement. *See id.* ¶ 60. On March 21, 2013, a "tester" for the Fair Housing Center of the Greater Palm Beaches, Inc. contacted Merrigan regarding the application requirements for the unit. *See id.* ¶ 61. Merrigan confirmed that the address of the unit was 1915 Hibiscus Lane, that he was the leasing agent representing the owner of that unit, and that applicants were required to submit report cards for minor children. *See id.*

Despite Merrigan's failure to plead or otherwise defend, and consequent admission of the facts outlined above, entry of default judgment against him is not necessarily warranted. In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court recognized "that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." *See Global Aerospace*, 2009 WL 3400519, at *4. Modern courts have interpreted *Frow* to stand for the following proposition:

> [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

*Id.* (quoting *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986)). "Several Circuits, including the Eleventh, have found *Frow* applies to situations where defendants are jointly and severally liable, *or have closely related defenses*." *Id.* (citing *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)) (emphasis added).

In the instant case, entering a default judgment against Merrigan would result in inconsistency among judgments and is therefore inappropriate. Defendants Sonoma Bay

2

Homeowners Association, Inc., Jeanne Kulick, and James Nyquist—all of whom participated at trial—were directly involved in the implementation, enforcement, publication, and circulation of Sonoma Bay's requirement that applicants submit report cards for minor children. At the conclusion of trial, the jury determined that none of these Defendants was liable to any of the Plaintiffs in this case for any violation of the Fair Housing Act. *See* DE 438–452. To enter judgment against Merrigan for reproducing the very same requirement in an advertisement posted on Craigslist is inconsistent with the jury's determination.

For the foregoing reasons, Plaintiffs' Motion for Default Final Judgment Against Defendant Jonathan Merrigan [DE 410] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 29th day of October, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE