UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80667-ROSENBERG/HOPKINS

FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC. *et al.*,

    Plaintiffs,

v.

SONOMA BAY COMMUNITY
HOMEOWNERS ASSOCIATION, INC. *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO INTERVIEW JURORS

**THIS MATTER** is before the Court upon Plaintiffs' Motion for Leave to Interview Jurors [DE 455]. The Court has carefully considered Plaintiffs' Motion and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

Plaintiffs have not shown good cause to allow counsel to interview jurors pursuant to Local Rule 11(e). Good cause under the local rule may be shown only where extraneous prejudicial information was improperly brought to the jury's attention, an outside influence was improperly brought to bear on any juror, or a mistake was made in entering the verdict on the verdict form. *See United States v. Griek*, 920 F.2d 840, 842 (11th Cir. 1991); Fed. R. Evid. 606(b). Under this standard, courts have denied leave to interview a juror who discussed the case with a non-juror during deliberations;[1] a juror who hesitated before confirming his verdict during polling;[2] a juror who told the district court "I voted for [the verdict], but it was not my verdict . . . I had no choice. It was 11 to 1. It had to be unanimous . . . . They wanted to get on with other

---

[1] *See United States v. Orisnord*, 483 F.3d 1169, 1180 (11th Cir. 2007).
[2] *See id.* at 1181.

trials;"[3] a juror who telephoned the defendant and said the jury was pressured into making its decision;[4] and a juror who was seen speaking with courtroom spectators during a recess.[5]

In the instant case, Plaintiffs contend that Elouise M. McNealy ("Juror 1") "had personal knowledge of the Marsh Harbour community through a congregation member and friend that lived at Marsh Harbour." *See* DE 455 at 3. Plaintiffs further contend that Barry Colverton ("Juror 4") lived in Riviera Beach from 1963 to 2008, is a former school bus driver for the School District of Palm Beach County, and is currently in a relationship with a school crossing guard in Riviera Beach. *See id.* Relying solely on these facts, Plaintiffs conclude that Juror 4 likely had knowledge of the crime rate in Riviera Beach and other facts not presented at trial. Finally, Plaintiffs suggest that Juror 1 and Juror 4 may have shared this "extraneous" and "potentially prejudicial" information with their fellow jurors.

Plaintiffs' allegations of juror impropriety in the instant case are no more compelling than the allegations in the cases discussed above and are not sufficient to establish good cause to interview jurors pursuant to Local Rule 11(e). Accordingly, is it **ORDERED and ADJUDGED** that Plaintiffs' Motion is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 3rd day of November, 2015.

Copies furnished to:            ROBIN L. ROSENBERG
Counsel of record               UNITED STATES DISTRICT JUDGE

---

[3] *See United States v. Hooshmand*, 931 F.2d 725, 737 (11th Cir. 1991).
[4] *See United States v. Cuthel*, 903 F.2d 1381, 1383 (11th Cir. 1990).
[5] *See O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977).